IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


TANNER CONSTRUCTION          )
COMPANY, INC., d/b/a          )
Tanner, Inc.,                 )
                              )
     Plaintiff,               )
                              )     CIVIL ACTION NO.
     v.                       )       2:20cv342-MHT
                              )          (WO)
FORTERRA PIPE & PRECAST,      )
LLC, f/k/as Hanson Pipe &     )
Precast, Inc.,                )
                              )
     Defendant.               )

ORDER

     This case is before the court on the court's

independent review of the complaint for subject-matter

jurisdiction and venue.

     The allegations of the plaintiff's complaint are

insufficient to invoke this court's jurisdiction under

28 U.S.C. § 1332.  To invoke jurisdiction based on

diversity, a complaint must distinctly and

affirmatively allege each party's citizenship.

*McGovern v. American Airlines, Inc.*, 511 F. 2d 653, 654

(5th Cir. 1975) (per curiam).*   28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second,  of the State where it has its principal place of business.   To invoke jurisdiction based on diversity in a case in which a corporation is a party, it   is   thus   necessary   to   allege   distinctly   and affirmatively all the States by which the corporation has   been   incorporated   and   the   State   in   which   the corporation   has   its   principal   place   of   business. *American Motorists Ins. Co. v. American Employers' Ins. Co.*,  600  F.2d  15,  16  and  n.1  (5th  Cir.  1979)  (per curiam).    The   plaintiff's   complaint   does   not sufficiently   plead   the   plaintiff   corporation's citizenship because it provides no information as to where it was incorporated.

---

*In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In addition, the plaintiff's complaint fails to plead the basis for venue in this district or division.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until July 15, 2020, to amend the complaint to (a) plead the basis for venue in this district and division, and (b) plead § 1332 jurisdiction sufficiently, see 28 U.S.C. § 1653.  If jurisdiction is not pleaded sufficiently by that date, this cause shall be dismissed without prejudice.

DONE, this the 1st day of July, 2020.

  /s/ Myron H. Thompson  
UNITED STATES DISTRICT JUDGE

3